PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. _____Ifrah Abdi Yassin_____   Docket No. 3:11CR00132-3

### Petition for Action on Conditions of Pretrial Release

COMES NOW _____Burton Putman_____, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant _____Ifrah Abdi Yassin_____ who was placed under pretrial release supervision by the Hon. Franklin L. Noel, U.S. Magistrate Judge sitting in the Court at __Minneapolis, Minnesota__, on __June 21, 2011__, under the following conditions: Please reference the attached Orders Setting, Modifying, and Vacating Conditions

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page three of this document

I declare under penalty of perjury that the foregoing is true and correct.

| W. Burton Putman | Nashville, TN | December 27, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event   __Not Scheduled__
                             Event                    Date

## PETITIONING THE COURT

☒ No Action                  ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant         ☐ Other

THE COURT ORDERS:
☒ No Action *as recommended*
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____   _____
Date               Time

Considered and ordered this ____ day of _____, 2013, and ordered filed and made a part of the records in the above case.

_____
Honorable William J. Haynes, Jr.
Chief U.S. District Judge

Honorable William J. Haynes, Jr.
Chief U.S. District Judge
Petition for Action on
Yassin, Ifrah Abdi
Docket No. 3:11CR00132-03
December 27, 2012
Page 2

On June 17, 2011, Ifrah Abdi Yassin was arrested in the District of Minnesota in relation to a Criminal Complaint and Warrant issued on the same date in the Middle District of Tennessee. The Criminal Complaint charged the defendant and two others with Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b)(1) and (b)(2).

On June 29, 2011, the defendant and two others were named in a five-count Indictment returned in the Middle District of Tennessee. Count One charged the defendant with Conspiracy to Retaliate Against a Witness, Victim or Informant, in violation of 18 U.S.C.§ 1513(f) and 1513(c). Counts Two and Three each charged the defendant with Retaliating Against a Witness, Conspiracy to Obstruct, Attempt to Obstruct or Interfere with Prevention of Enforcement of 18 U.S.C.§ 1951, in violation of 18 U.S.C.§ 1594(c). Count Five charged the overt act of Obstruct, Attempt to Obstruct or Interfere with Prevention of Enforcement of 18 U.S.C.§ 1951, in violation of 18 U.S.C. § 1581(d).

On June 30, 2011, the Middle District of Tennessee received Rule 5(c)(3) documents from the District of Minnesota related to defendant Yassin's arrest on June 17, 2011. At the Detention Hearing held in Minnesota on June 21, 2011, defendant Yassin was released on a $25,000 unsecured bond with pretrial supervision. One of the original special conditions of bond required the defendant to submit to location monitoring via Active Global Positioning Satellite (GPS) technology.

On February 1, 2012, at the request of the supervising officer in the District of Minnesota, Pretrial Services in the Middle District of Tennessee prepared a Petition for Action for the Court requesting that the defendant's release conditions be modified to include five substance abuse related conditions. The Court modified and added the conditions on February 8, 2012. The reason for the modification request was the defendant's positive drug test (marijuana) on June 21, 2011.

On June 6, 2012, the Middle District of Tennessee received a report and request from the U.S. Probation Office in the District of Minnesota. That office continues to provide courtesy supervision of this defendant. The supervising officer noted in the report that the defendant was at that time approaching one year on pretrial supervision with no ongoing noncompliance issues or concerns.

After delivering her daughter in March 2012, the defendant secured employment with Macy's Department Store. She had no electronic monitoring violations and continued to reside with her husband in Richfield, Minnesota. Additionally, all random drug tests since June 21, 2011, had been negative for illegal drug use. For those reasons, the supervising officer recommended that Your Honor be petitioned to vacate the release condition requiring electronic monitoring. In

Honorable William J. Haynes, Jr.
Chief U.S. District Judge
Petition for Action on
Yassin, Ifrah Abdi
Docket No. 3:11CR00132-03
December 27, 2012
Page 2

response, Pretrial Services in the Middle District of Tennessee submitted a Petition for Action to the Court dated June 26, 2012. On June 28, 2012, Your Honor ordered that the electroic monitoring condition be vacated.

The purpose of this petition is to report defendant noncompliance as outlined below.

**Special Conditions of Pretrial Release:**

Please reference the attached Orders Setting, Modifying, and Vacating Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances:**

According to the defendant's pretrial services officer in the District of Minnesota, on December 19, 2012, an unannounced home assessment was conducted at the defendant's residence. The officer attempted to collect a random drug screen; however, the defendant was unable to provide a sample at that time. The defendant was instructed to report to the Pretrial Services Office to submit a urine sample for testing later that day. Subsequently, the defendant reported to the office and submitted a positive drug screen for marijuana. When confronted by the officer collecting the drug screen about potential drug use, the defendant denied using any illegal substance.

On December 20, 2012, the supervising officer conducted a noncompliance meeting with the defendant. At that time, the defendant admitted to smoking marijuana.

**Current Status of Case:**

According to PACER, there is not a hearing scheduled before the Court.

**Probation Officer Action:**

As a result of the defendant's admitted drug use, the frequency of drug testing has increased from random to 3 to 4 times each month. The supervising officer in the District of Minnesota has requested that no official action be taken by the Court at this time; however, if the defendant incurs any additional violations, a hearing before the Court could be requested. Pretrial Services has also issued a written reprimand to the defendant.

Honorable William J. Haynes, Jr.
Chief U.S. District Judge
Petition for Action on
Yassin, Ifrah Abdi
Docket No. 3:11CR00132-03
December 27, 2012
Page 2

**Respectfully Petitioning the Court as Follows**:

It is respectfully recommended that the Court take no formal action at this time. The U.S. Attorney's Office has been advised of the defendant's noncompliance.

Submitted by:

_____
W. Burton Putman
Supervising U. S. Probation Officer


Approved:

_____
James Perdue
Deputy Chief U.S. Probation Officer


Attachment: Orders Setting, Modifying, and Vacating Release Conditions

cc:  Blanche B. Cook, Assistant U.S. Attorney
     Hallie H. McFadden, Defense Counsel

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| United States of America )  | |
| v. ) | |
| Ifrah Abdi Yassin ) | Case No. 0864 0:11-00245M - 2 JJK |
| *Defendant* ) | |
| ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate any federal, state or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3)  The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4)  The defendant must appear in court as required and must surrender to serve any sentence imposed.

The defendant must appear at    To Be Notified
(if blank, to be notified)                    Place

on _____
            Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be release on condition that:

☒ (5)  The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☒ (6)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of  twenty five thousand  dollars ($ 25,000 ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

SCANNED
JUN 2 2 2011
U.S. DISTRICT COURT MPLS

AO 199 (Rev. 7/10) Order Setting Conditions of Release _____ Ifrah Abdi Yassin

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons in the community,
IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (7) The defendant is placed in the custody of:
Person or organization _____
Address (only if above is an organization) _____
City and state _____ Tel No. (If Organization) _____

who agrees (a) to supervise the defendant in accordance with all of the the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____  _____
                Custodian or Proxy           Date

☑ (8) The defendant must:

☑ (a) report to Pretrial Services as directed.
telephone number _____, no later than _____

☐ (b) execute a bond or agreement to forfeit upon failing to appear as required the following sum of money or designated property:

☐ (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

☐ (d) execute a bail bond with solvent sureties in the amount of $ _____
☑ (e) maintain or actively seek employment.
☑ (f) maintain or commence an education program.
☑ (g) surrender any passport to Pretrial Services as directed.
☑ (h) obtain no new passport.
☑ (i) abide by the following restrictions on personal association, place of abode, or travel:
Travel shall be restricted to Minnesota unless approved by supervising officer or to attend court in Tennessee

☑ (j) avoid all contact, directly or indirectly, with any person who is of may become a victim or potential witness in the investigation or prosecution, including but not limited to:
~~Hawo Ahmed Hamid Mohamud~~, M.H., L.A.H., and list from Government Witnesses

- [ ] (k) cooperate with a mental health assessment and follow any recommendations of that assessment if the pretrial services officer or the supervising officer considers it advisable.

- [ ] (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

- [x] (m) maintain residence at a halfway house or community corrections center, as the pretrial services officer or supervising officer considers necessary.

- [x] (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.

- [ ] (o) refrain from [ ] any [ ] excessive use of alcohol.

- [ ] (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

- [ ] (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

- [ ] (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

AO 199 (Rev. 7/10) Order Setting Conditions of Release                                     Ifrah Abdi Yassin

## ADDITIONAL CONDITIONS OF RELEASE

☐ (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.

  ☐ (i) **Curfew.** You are restricted to your residence every day

   ☐ from _____ to _____

   or ☐ as directed by the pretrial services officer;

   or _____

  ☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising office; or

  ☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearance or other activities specifically approved by the court.

☑ (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology

  ☐ The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.

  ☐ (i) Location monitoring technology as directed by the pretrial services office or supervising officer;

  ☐ (ii) Radio Frequency (RF) monitoring;

  ☐ (iii) Passive Global Positioning Satellite (GPS) monitoring;

  ☑ (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);

  ☐ (v) Voice Recognition monitoring.

☑ (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop within 72 hours.

AO 199 (Rev. 7/10) Order Setting Conditions of Release                             Ifrah Abdi Yassin

☒ (v) In the event 1) that no Indictment is returned against the Defendant, or 2) that the charges giving rise to this Release Order are dismissed, or 3) that Defendant is acquitted of the charges giving rise to this Release Order, the Attorney for the Government is hereby ORDERED to provide to the Attorney General a certified copy of a final court order establishing which of the foregoing events occurred. Upon receipt by the Attorney General of any such certified copy, the Director of the Federal Bureau of Investigation is hereby ORDERED to promptly expunge from the index, described in subsection (a) of 42 United States Code, Section 14132, the analysis of the DNA sample collected from this Defendant pursuant to the conditions of this Release Order.

☐ (w)

AO 199 (Rev. 7/10) Order Setting Conditions of Release                                        Ifrah Abdi Yassin

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
                Defendant's Signature

_____
                City and State

AO 199 (Rev. 7/10) Order Setting Conditions of Release                              Ifrah Abdi Yassin

## Directions to the United States Marshal

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date   6/21/11                                    _____
                                                   Judicial Officer's Signature

                                                   U.S. Magistrate Judge Franklin L. Noel
                                                   _____
                                                   Printed name and title

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Ifrah Abdi Yassin__     Docket No. __3:11CR00132-3__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Tim Searcy__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Ifrah Abdi Yassin__ who was placed under pretrial release supervision by the Honorable Franklin L. Noel, U.S. Magistrate Judge sitting in the Court at __Minneapolis, Minnesota__, on __June 21, 2011__, under the following conditions: Please reference attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page three of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Tim Searcy | Nashville, TN | February 01, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

Next Scheduled Court Event     Not Scheduled
                                Event         Date

## PETITIONING THE COURT

☐ No Action                    ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant           ☒ Other Add requested special conditions of bond as recommended on Page 3. _and as modified_

### THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

Date     Time

Considered and ordered this ____ day of _____, 2012, and ordered filed and made a part of the records in the above case.

_____
E. Clifton Knowles
U.S. Magistrate Judge

Case 3:11-cr-00132   Document 85   Filed 02/10/12   Page 1 of 10 PageID #: 405

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
Ifrah Abdi Yassin
Case No. 3:11CR00132-03
February 1, 2012

On June 17, 2011, defendant Yassin was arrested in the District of Minnesota. Ms. Yassin was held in custody after her arrest until she appeared for a Detention Hearing held on June 21, 2011, before the Honorable Franklin L. Noel, U.S. Magistrate Judge, District of Minnesota, when she was released on bond with pretrial supervision. Attached to this report is a Copy of the Order Setting the Conditions of Release (see Case No. 0864 0:11-00245M-2). On August 12, 2011, the above-referenced defendant appeared before Your Honor for an Initial Appearance in the Middle District of Tennessee.

Subsequent to the defendant's appearance in the Middle District of Tennessee, the District of Minnesota closed its interest in this case.

**VIOLATION:**

**Violation No. 1: Failure to not violate any federal, state, or local law while on release.**

On January 23, 2012, U.S. Probation and Pretrial Services for the Middle District of Tennessee received notification from U.S. Probation Officer Krystal A. Taylor, District of Minnesota, that a urine specimen collected from the defendant on June 21, 2011, tested **POSITIVE for marijuana**. It appears the sample in question was provided voluntarily upon request, as the special conditions of bond imposed do not require participation in a random drug testing program.

Officer Taylor also advised that the positive drug test in question was recently discovered in a routine review of case materials, as the case was recently transferred to her from another officer. As such, the noncompliant behavior had not been addressed in a timely manner. However, the reporting probation officer requested the incident be reported to the Court and a request for drug testing conditions be requested in light that the defendant was pregnant at the time she submitted the sample in question.

**Current Status of Case:**

On November 21, 2011, the Court grant a joint motion and continued the trial in the interests of justice to provide the Court time to conduct a suppression hearing. The same Order noted that a trial will be set at the conclusion of that hearing (see Document Entry No. 80).

**Probation Officer Action:**

On January 23, 2012, Senior U.S. Probation Officer Tim Searcy made contact with defense counsel to discuss the concerns raised by Officer Krystal A. Taylor, and notified counsel of proposed special conditions Pretrial Services would like to have imposed in her client's case. Even though Attorney Hallie H. McFadden was then involved in a protracted trial in an unrelated case, she made contact

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
Ifrah Abdi Yassin
Case No. 3:11CR00132-03
February 1, 2012

with her client and begin discussing the issues raised toward reaching a possible resolution without need of a hearing. After several discussions, the parties do not oppose the following special conditions should the Court concur.

(1). Refrain from any *excessive* use of alcohol.

(2). Refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner.

(3). Submit to any method of testing required by the pretrial services officer or supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing.

(4). Should the defendant test positive again for any illicit substance or any controlled substances which has not been prescribed by a licensed medical doctor, the defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if ~~deemed advisable by the pretrial services officer or supervising officer~~. The defendant shall pay all or part of the cost for substance abuse treatment if the ~~United States Probation and Pretrial Services Office~~ determines the defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

(5). Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

**Respectfully Petitioning the Court as Follows:**
Pretrial Services respectfully requests the Court to modify the conditions of release to include those conditions referenced within this petition. This request has been discussed with the parties, and neither party has any objections to the proposed modification.

Approved:

_William Burton Putman_
Supervisory U.S. Probation Officer

xc:  Assistant U.S. Attorney Blanche B. Cook
     Attorney Hallie H. McFadden (defense counsel)

PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Ifrah Abdi Yassin__          Docket No. __3:11CR00132-3__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Tim Searcy__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Ifrah Abdi Yassin__ who was placed under pretrial release supervision by the Honorable Franklin L. Noel, U.S. Magistrate Judge sitting in the Court at __Minneapolis, Minnesota__, on __June 21, 2011__, under the following conditions: Please reference attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page three of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Tim Searcy | Nashville, TN | June 26, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event**  Not Scheduled
Event          Date

## PETITIONING THE COURT

☐ No Action                     ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant            ■ Other  Vacate special condition of bond which requires GPS monitoring.

### THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
　☐ Sealed Pending Warrant Execution
　　(cc: U.S. Probation and U.S. Marshals only)
☒ Other _condition vacated_

☐ A Hearing on the Petition is set for

Date          Time

Considered and ordered this __28th__ day of __June__, __2012__, and ordered filed and made a part of the records in the above case.

_____
William J. Haynes
U.S. District Judge

Honorable William J. Haynes
U.S. District Judge
Petition for Action on
Ifrah Abdi Yassin
Case No. 3:11-CR-00132-3
June 26, 2012

On June 17, 2011, Hawo Osman Ahmed, Hamdi Ahmed Mohamud, and **Ifrah Abdi Yassin**, were arrested in the District of Minnesota in relation to a Criminal Compliant and Warrant issued on the same date in the Middle District of Tennessee (Docket No. 3:11-mj-4032). The Criminal Complaint charged all three defendants with Retaliating Against a Witness, in violation of 18 U.S.C. §§ 1513(b)(1) and (b)(2).

On June 29, 2011, the same defendants were named in a five-count Indictment returned in the Middle District of Tennessee (Docket No. 3:11-CR-00132). Count One charged the defendants with Conspiracy to Retaliate Against a Witness, Victim or Informant, in violation of 18 U.S.C. §§ 1513(f) and 1513(c). Counts Two and Three each charge Retaliating Against a Witness, Victim or Informant, in violation of 18 U.S.C. §§ 1513(b)(2) and 1513(c). Count Four charges Conspiracy to Obstruct, Attempt to Obstruct or Interfere with Prevention of Enforcement of 18 U.S.C. § 1951, in violation of 18 U.S.C. § 1594(c). Count Five charges the overt act of Obstruct, Attempt to Obstruct or Interfere with Prevention of Enforcement of 18 U.S.C. § 1951, in violation of 18 U.S.C. §§ 1581(d).

On June 30, 2011, the Middle District of Tennessee received Rule 5(c)(3) documents from the District of Minnesota related to defendant Yassin's arrest on June 17, 2011. At the Detention Hearing held on June 21, 2011, defendant Yassin was released on a $25,000 unsecured own recognizance bond with pretrial supervision. One of the special conditions of bond imposed required the defendant to submit to location monitoring via Active Global Positioning Satellite (GPS) technology.

**REQUEST TO MODIFY CONDITIONS OF RELEASE:**

On June 6, 2012, the Middle District of Tennessee received a report and request from U.S. Probation Officer Krystal Taylor of the District of Minnesota. Officer Taylor is currently providing courtesy bond supervision of defendant Yassin's case.

In particular, Officer Taylor noted defendant Yassin is approaching one year of pretrial supervision with no ongoing compliance issues or concerns. After delivering her 6 month old daughter on March 10, 2012, she secured employment as a sales associate with Macy's Department Store at the Mall of America. She has no violations while on electronic monitoring and she continues to reside with her husband in Richfield, Minnesota.

2

Honorable William J. Haynes
U.S. District Judge
Petition for Action on
Ifrah Abdi Yassin
Case No. 3:11-CR-00132-3
June 26, 2012

All random drug tests collected at her home have been negative. In addition, all home visits have revealed no indication of contraband or illegal criminal activity. It was also noted since the defendant is approaching one year of supervision and at this time without any noncompliance concerns, it is the supervising officer's opinion that the active GPS condition is not necessary to manage the defendant's risk of flight, as she has significant ties to the community. In addition, defendant Yassin recently gave birth and has maintained employment.

**Next Court Date:**

Review of PACER records indicate this case has not been scheduled for trial.

**<u>Respectfully Petitioning the Court as Follows</u>:**

Officer Taylor respectfully requests that the special condition of bond requiring location monitoring be vacated. It should be noted that this request has been discussed with Assistant U.S. Attorney Van S. Vincent and the Government opposes the proposed recommendation.

Approved:

_[signature]_

Burton Putman
Supervisory U.S. Probation Officer

xc: Assistant U.S. Attorney Van S. Vincent
Hallie McFadden, Defense Counsel

3